UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEONARDO JAVIER RIVAS SOSA,

Petitioner,

v.

ANGELA DUNBAR et al.,

Respondents.

Case No. 1:26-cv-2164

Honorable Jane M. Beckering

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## Discussion

### I. Procedural History

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.20.) In an Order entered on July 29, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus should not

be granted. (Order, ECF No. 4.) Respondents filed their response on August 3, 2026. (Resp., ECF No. 5.)

## II. Factual Background

This is Petitioner's third § 2241 petition before this Court. *See Rivas Sosa v. Raycraft*, No. 1:26-cv-634 (W.D. Mich.) (*Rivas Sosa I*); *Rivas Sosa v. Raycraft*, No. 1:26-cv-1457 (W.D. Mich.) (*Rivas Sosa II*). The Court has previously set forth the underlying facts as follows:

> Petitioner is a citizen of Venezuela who entered the United States in 2023. (Notice to Appear, ECF No. 2-4, PageID.25.) In January 2026, ICE arrested Petitioner. (Pet., ECF No. 1, PageID.2.)
>
> On February 25, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Rivas Sosa v. Raycraft* (*Rivas Sosa I*), No. 1:26-cv-634 (W.D. Mich.). In *Rivas Sosa I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondent to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Rivas Sosa I*, (W.D. Mich. Mar. 12, 2026), (ECF Nos. 9, 11).
>
> On March 18, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Ex. A, ECF No. 8-1, PageID.78.) At that hearing, the Immigration Judge (IJ) considered various factors relevant to Petitioner's request for bond. (Recording of Mar. 18, 2026, Bond Hearing, at 12:30-13:22, filed on May 12, 2026.) *At the conclusion of the March 18, 2026, hearing, the IJ stated, "And when I consider all that stuff together, the court finds that you haven't shown you're not a flight risk, and I'm going to be denying your bond." (Id., 13:34-13:42.)*

Op., *Rivas Sosa II* (W.D. Mich. June 24, 2026), (ECF No. 10) (emphasis added).

In *Rivas Sosa II*, the Court denied Petitioner's § 2241 petition because based on the record before the Court at that time, "Petitioner agreed to voluntarily depart from the United States and waived appeal of the [immigration judge's] order granting voluntary departure [and] Petitioner's removal proceedings are no longer pending." (*Id.*)

On June 3, 2026, Petitioner appealed the voluntary departure order to the Board of Immigration Appeals (BIA).[1] (Pet., ECF No. 1, PageID.8.) That appeal is still pending.[2]

## III. Analysis

Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on the merits. The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## IV. Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

## Conclusion

The Court will order Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court

[1] *See* Automated Case Information System, https://acis.eoir.justice.gov/en/caseInformation ("A-Number," enter "245653295," "Nationality," enter "Venezuela") (last visited Aug. 11, 2026).

[2] For the purposes of 8 U.S.C. § 1231(a), a removal order "shall become final upon the earlier of (i) a determination by the Board of Immigration Appeals (BIA) affirming such an order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." 8 U.S.C. § 1101(a)(47)(B). In this case, now that Petitioner's appeal to the BIA is pending, Respondents agree that Petitioner's detention is governed by § 1226. (*See* Resp., ECF No. 5.)

will also order Respondents to file a status report within six business days of the date of this Court's Opinion and Judgment to certify compliance with this Opinion and the corresponding Judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated: August 12, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge